IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CR-00385-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH JEROME WATKINS (9) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's post-verdict Motions for a Judgment of Acquittal or for a New Trial, (Doc. Nos. 265, 266), the government's response, (Doc. No. 270), and related pleadings.

I. BACKGROUND

The defendant proceeded to jury trial on a charge of conspiracy to distribute a mixture and substance containing Eutylone, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. (Doc. No. 93: Indictment at 1-2). At the close of the government's proof, the Court denied the defendant's motion for judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure. The defendant elected to present evidence and the government called one witness in rebuttal. The jury found the defendant guilty. (Doc. No. 260: Verdict).

II. DISCUSSION

The instant motions seek judgment of acquittal under Rule 29(c), or, in the alternative, new trial under Rule 33. Under Rule 29, a guilty verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence," that is, evidence which a reasonable finder of fact could accept as adequate to support the defendant's guilt

beyond a reasonable doubt. United States v. Burfoot, 899 F.3d 326, 334 (4th Cir. 2018). Under Rule 33, a new trial can be ordered if required in the interest of justice, but "a jury verdict is not to be overturned except in the rare circumstance where the evidence weighs heavily against it." Id. at 340 (internal quotation marks omitted).

A. Sufficiency of the Evidence

The defendant argues that the government failed to establish that he was aware of and joined the alleged conspiracy. (Doc. No. 267: Memorandum at 6). The government counters that co-conspirator testimony, intercepted phone calls, and cell phone location data support the jury's verdict. (Doc. No. 270: Response at 2-5).

The evidence presented at trial centered around two trips by drug couriers to Atlanta. Jonquilla Sanders testified that co-conspirator Steven Cloud sent her from Charlotte to meet with the defendant in Atlanta on or about October 16, 2020. The defendant gave her a box which she delivered to Cloud. She believed pills were in the box because Cloud sent her to get pills from another person in Atlanta in the summer of 2020, and he told her this trip would be "the same thing."

Other evidence corroborated her testimony. Intercepted phone calls connected Cloud, Sanders, and the defendant before and during the trip, with Cloud directing her not to deal with anyone but the defendant and the defendant directing her to a secondary location because he didn't have "it" at the club where they first met. Cell phone location data recorded the proximity of her phone and the defendant's at the time she said they were meeting for the exchange. Additionally,

2

Cloud sent "Reggie" to travel with Sanders because, according to her own admission, she could not be trusted with pills.

Letisha Anderson testified during the defendant's case. She admitted being sent by Cloud from Charlotte to meet with the defendant on or about October 24, 2020, at his music studio in Atlanta and being found with a box of pills[1] during the return trip. However, she explained that she had only obtained cash from the defendant and that another person had given her the box of pills. The defendant's wife and a woman who worked for him each testified during his case that they saw Anderson receive a box from a man at a gas station near the defendant's music studio. The jury may have chosen to believe Anderson in part and disbelieve in part, along with disbelieving the other defense witnesses, considering text messages among Cloud, Anderson, and the defendant indicate she was being sent to retrieve pills. Accordingly, in light most favorable to the government, the Court finds that substantial evidence was presented at the trial from which a reasonable juror could find the defendant guilty of the charged conspiracy beyond a reasonable doubt and that the evidence does not weigh heavily against the verdict.

B.    Jury Instruction

The defendant argues that the Court erroneously failed to define fully the term "reasonable doubt." (Doc. No. 267: Memorandum at 8-9). During the trial, the defendant requested the following instruction:[2]

---

[1] The nearly 9,000 pills were tested and found to contain Eutylone.
[2] The defendant cited 1.05 Pattern Criminal Jury Instructions, but did not specify which Circuit or author published the proposed instruction.

3

REASONABLE DOUBT

> The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.
>
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

(Doc. No. 259). The Court denied the request and instructed the jury:

> PRESUMPTION OF INNOCENCE AND REASONABLE DOUBT
>
> Every defendant in a criminal case is presumed to be innocent, and this presumption continues throughout the course of the trial. This presumption will end only if you reach the jury room and arrive unanimously at the conclusion, if you do, that the government has shown to your satisfaction that the defendant is guilty beyond a reasonable doubt. This burden on the government does not change at any time during the course of the trial. The presumption of innocence in favor of a defendant is not a mere formality to be disregarded by the jury at its pleasure. It is a substantive part of our criminal law. Accordingly, the government must prove each of the elements of the crime charged in this indictment beyond a reasonable doubt before there can be a conviction.
>
> REASONABLE DOUBT
>
> The term "reasonable doubt" means just what it says. It is a doubt based upon reason and common sense. Its meaning is no doubt self-evident and understood by you, and the Court will not attempt to define the term further.

4

The Fourth Circuit has repeatedly admonished trial courts not to define reasonable doubt. United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998). This Court's instructions were substantially similar to those approved in Williams. Therefore, this issue is without merit and a new trial is not required in the interest of justice.

III. CONCLUSION

Having considered the defendant's motions for judgment of acquittal or new trial under Rules 29 and 33 of the Federal Rules of Criminal Procedure, the Court finds that substantial evidence supports the conviction and that a new trial is not in the interest of justice.

**IT IS, THEREFORE, ORDERED** that the defendant's Motions, (Doc. Nos. 265, 266), are **DENIED**.

Signed: November 15, 2022

Robert J. Conrad, Jr.
United States District Judge